IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Leslie Nicole Knight and Alveza Valenzuela, Individually and On Behalf of Others Similarly Situated, <br><br> Plaintiffs, <br><br> V. <br><br> Thomas Jeneby, M.D. a/k/a "Dr. Boom Boom Pow," The Plastic and Cosmetic Center of South Texas, P.A., Palm Tree Plastic Surgi-Center, LLC, Trilogy by Dr. Jeneby, Inc., Advanced Medical Support Services, PLLC, Chrysalis Cosmetic Surgery Center, PLLC, South Texas Aesthetic Training LLC and Shining Palm Tree Series, LLC <br><br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:24-cv-1097 <br><br><br><br><br><br><br><br><br><br><br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Thomas Jeneby, MD, who also goes by the trademarked name "Dr. Boom Boom Pow®" (hereafter "Jeneby"), has a business plan that includes paying allegedly salaried employees their "faux" salaries only when they work 40 or more hours in a workweek and paying them on an hourly basis in those weeks in which they work less than 40 hours. Jeneby implements this wage theft plan through numerous companies and entities that he controls, including Defendants The Plastic and Cosmetic Center of South Texas, P.A., Palm Tree Plastic Surgi-Center, LLC, Trilogy by Dr. Jeneby, Inc., Advanced Medical Support Services, PLLC, Chrysalis Cosmetic Surgery Center, PLLC, South Texas Aesthetic Training LLC and Shining Palm Tree Series, LLC (the "Companies," and together with Jeneby, "Defendants"). Defendants' failure to pay the overtime

premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiffs Leslie Nicole Knight ("Knight") and Alveza Valenzuela ("Valenzuela") (jointly "Plaintiffs") are two of the employees hired by Defendants as supposedly salaried employees who were neither paid a salary nor overtime pay. Plaintiffs bring this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to the Claims of Plaintiffs and Their Co-Workers**

1. Jeneby is a plastic surgeon practicing in San Antonio, Texas, who has an ownership interest in and has operational control of numerous surgery centers, clinics, and other medical service-related companies ("Companies") in the San Antonio, Texas area.

2. Jeneby is an individual who controls how employees are paid by the Companies. Because of the compensation policies that Jeneby has put into place at the Companies, the Companies have a common practice of paying their "salaried" employees on an hourly basis for all hours worked up to 40 per week. Once an employee reaches the 40-hour threshold, however, Defendants pay them nothing for any hours worked beyond forty per workweek. In other words, this is a classic "heads I win, tails you lose" scenario: the affected employees do not get the benefit of their "salary" for hours worked under forty, nor do they get the benefit of their hourly pay for hours worked above forty. Only Jeneby and the Companies benefit from this arrangement, and Defendants get free services from their employees when they work more than 40 hours a week.

3. Jeneby has the authority to determine pay policies for all the Companies and is the individual who enacted this payment scheme for all the Companies.

4. Knight worked for Jeneby and his Companies as an hourly nurse from November 2023 until March 2024. Knight's duties included helping set up the operating rooms for surgeries, monitoring the surgeries, and helping patients recover once surgeries had finished.

5. Valenzuela also worked for Jeneby and his Companies as an hourly nurse, from October 2023 through July 2024, performing the same duties as Knight.

6. During the time they worked for Defendants, both Knight and Valenzuela regularly worked more than 40 hours per week.

7. Defendants paid Knight and Valenzuela on an hourly basis up to 40 hours per week. After 40 hours per week, Defendants paid Knight and Valenzuela nothing.

8. Knight and Valenzuela worked with other employees who were paid similarly to perform work for the Companies. These employees consisted of nurses and employees who performed administrative duties for the Companies and were paid hourly for up to 40 hours, but beyond 40 hours per week, they were paid nothing.

9. Jeneby is well aware of his obligation to pay time and a half to his hourly workers. Numerous workers, including Knight and Valenzuela, complained to Jeneby or his management regarding his companies' failure to pay overtime pay for hours over forty per week. On those occasions when employees such as Plaintiffs complained or broached the subject with Jeneby, he would often lose his temper, berate the individual, and state that he did not like "complainers."

10. Knight specifically complained about Defendants' policy of not paying overtime to Justin Marburger, who was Defendants' Regional Surgical Director. During that conversation, Knight told Mr. Marburger: "What you are doing is paying me hourly when it benefits you, but not paying me hourly for overtime work when it benefits me. Is this correct?" Mr. Marburger agreed with Knight's characterization of Defendants' pay scheme. Knight then asked Mr.

Marburger, "You know that is illegal, right?" to which Mr. Marburger replied, "Yes, they have been f---ing me around in the same way for years."

11.     Jeneby is the owner and control person of the Defendant companies sued in this lawsuit.  Jeneby was involved in the control of all the decisions regarding hiring, firing, and the means and method of compensation of employees.  The Companies are all entities that are in the medical business, use common suppliers, have common supervisory personnel covering multiple corporate locations, and are run as one business with the same compensation policies for all employees.  In addition, employees such as Knight worked for a number of different companies owned by Jeneby.  Jeneby and all the Companies are joint employers of Plaintiffs and all of their co-workers.

## Allegations Regarding FLSA Coverage

12.     Defendant Jeneby is an individual who owns/runs the Companies that own, manage, develop, and perform medical work in the San Antonio area.  The Companies, and by extension, their owner and control person, Defendant Jeneby, are covered by and subject to the overtime requirements of the FLSA.

13.     During each of the three years prior to this Complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of medication, medical tools and equipment, credit cards, phones and/or cell phones, electronic mail and the Internet

14.     During each of the three years prior to this Complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 USC §203(r) and 203(s).

15. During each of the three years prior to this Complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

16. During each of the three years prior to this Complaint being filed, Defendants' employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

**Jeneby and the Companies are a Single Enterprise**

<u>The Companies are Engaged in "Same or Similar Businesses"</u>

17. Jeneby and the Companies together operate as a single enterprise. The Companies are all in the same or complementary businesses of providing medical services in and around the San Antonio area.

<u>The Companies are under the Common Control of Jeneby</u>

18. Jeneby is an individual who has the power to make binding decisions and does make binding decisions regarding the operation of the Companies. Jeneby has the power to control and does control the operations of the Companies, including employee compensation policies (such as misclassifying and not paying overtime to hourly workers), contracts with suppliers, and contracts with vendors.

<u>Jeneby Operates the Defendant Companies for a Common Business Purpose</u>

19. Jeneby operates the Companies to streamline his operations and gain the advantage of economies of scale, all for the purpose of maximizing his profits from these entities. The buying and bargaining power of the Companies allows Jeneby and the other Defendants to gain an advantage over competitors in the marketplace, as does the illegal practice of not paying their

employees overtime pay. The control and ownership of the Companies is centralized in Jeneby. He operates the Companies as a single business enterprise to the benefit of himself and the Companies.

### Jeneby is an Employer and the Companies are Joint Employers

#### Power to Hire and Fire Employees

20. Jeneby possesses and possessed the power to hire and fire employees of all of the Companies. Jeneby either makes those decisions himself or hires supervisory personnel to make those decisions for him. However, Jeneby always has the ultimate power to make decisions regarding the employment status of the Companies' employees.

#### Control of Employee Conditions of Employment

21. Jeneby has the power to control employee work schedules and conditions of employment at all the Companies. While Jeneby may not have personally created the weekly schedules for each Company, he put into place the structure of the work schedules and appointed and supervised the individuals who physically created work schedules. Jeneby created a system in which Company employees regularly work more than 40 hours per week and are not paid any pay for hours worked over 40. The Companies carried out these scheduling and compensation policies.

#### Rate and Method of Payment

22. Jeneby is an individual who determined that the Company workers would be paid on an hourly basis and that they were not going to be paid overtime pay when they worked more than 40 hours in a workweek. Jeneby put his decisions regarding rates and methods of payment into place through the Companies.

Maintenance of Employment Records

23. Jeneby maintained employment records for the Plaintiffs and all the individuals employed by the Companies through the Companies. As required by Jeneby, each of the Companies kept employment records, including time records and pay records. Jeneby also has pay records because he is an owner of the bank accounts that the Companies used to pay their employees.

24. Jeneby is an "employer" of the Plaintiffs and their co-workers. Defendants The Plastic and Cosmetic Center of South Texas, P.A., Palm Tree Plastic Surgi-Center, LLC, Trilogy by Dr. Jeneby, Inc., Advanced Medical Support Services, PLLC, Chrysalis Cosmetic Surgery Center, PLLC, South Texas Aesthetic Training LLC and Shining Palm Tree Series, LLC are joint employers of the Plaintiffs and their co-workers.

**Plaintiffs' Claims**

25. Defendants were legally required to pay Knight, Valenzuela and other hourly nurses and administrative employees ("Similarly Situated Workers") overtime pay for all hours over 40 per workweek.

26. Knight and Valenzuela consistently worked more than 40 hours per workweek for the Defendants.

27. The Similarly Situated Workers also consistently worked more than 40 hours per workweek for Defendants.

28. Not only did Defendants not pay Knight, Valenzuela or the Similarly Situated Workers overtime pay for any hours worked over forty per week, Defendants paid Knight, Valenzuela and the Similarly Situated Workers Valenzuela nothing at all for any of their overtime hours. Defendants' underpayment of the Plaintiffs, often referred to as "wage theft," allowed

7

Defendants to gain an unfair advantage in the marketplace as compared to other medical providers that pay their employees all of their wages as required by law.

29. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Similarly Situated Workers. Such practice was and continues to occur with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

30. Defendants violated the FLSA by failing to pay Knight and Valenzuela any pay for hours worked over 40 per workweek.

31. Knight and Valenzuela have suffered damages as a direct result of Defendants' illegal actions.

32. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

33. Jeneby and through him the Companies were well aware of the FLSA's requirements to pay overtime to nurses and other administrative staff and had been informed of this fact on many occasions. Defendants were thus fully aware of their obligations to pay overtime wages, yet continued to knowingly violate the FLSA's requirements. As such, the claims of Knight, Valenzuela and the Similarly Situated Workers as described below are subject to a three-year statute of limitations.

## Collective Action Allegations

34. Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly

Situated Workers; that is, paying nursing and administrative employees on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experiences of the Similarly Situated Workers.

35. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants Thomas Jeneby, Plastic and Cosmetic Surgery Center of South Texas, PA, Palm Tree Plastic Surgi-Center, LLC, Trilogy by Dr. Jeneby, Inc., Advanced Medical Support Services, PLLC, Chrysalis Cosmetic Surgery Center, PLLC, South Texas Aesthetic Training LLC and Shining Palm Tree Series, LLC as nursing or administrative employees (no matter their specific title) who were paid on a supposed salary basis but who were not paid their full salary when they worked less than 40 hours in a workweek or less than 80 hours in a pay period during the three-year period preceding the filing of this Complaint.**

36. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiffs' counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## **Defendants, Jurisdiction, and Venue**

37. Defendant Jeneby may be served with process at one of the two addresses he has listed for each of his corporate entities, either at 7272 Wurzbach Road, Suite 801, San Antonio, Texas 78240, or at 19310 Stone Oak Parkway, San Antonio, Texas 78258.

38. Defendant Plastic and Cosmetic Surgery Center of South Texas, PA, may be served with process by serving its registered agent for service of process, Thomas T. Jeneby, at 7272 Wurzbach Road, Suite 801, San Antonio, Texas 78240.

39. Defendant Palm Tree Plastic Surgi-Center, LLC may be served with process by serving its registered agent for service of process, Thomas T. Jeneby, at 7272 Wurzbach Road, Suite 801, San Antonio, Texas 78240.

40. Defendant Trilogy by Dr. Jeneby, Inc. may be served with process by serving its registered agent for service of process, Thomas T. Jeneby, at 7272 Wurzbach Road, Suite 801, San Antonio, Texas 78240.

41. Defendant Advanced Medical Support Services, PLLC may be served with process by serving its registered agent for service of process, Thomas T. Jeneby, at 7272 Wurzbach Road, Suite 801, San Antonio, Texas 78240.

42. Defendant Chrysalis Cosmetic Surgery Center, PLLC may be served with process by serving its registered agent, Thomas T. Jeneby, at 19323 Stone Oak Parkway, San Antonio, Texas 78248.

43. Defendant South Texas Aesthetic Training LLC may be served with process by serving its registered agent for service of process, Thomas T. Jeneby, at 7272 Wurzbach Road, Suite 801, San Antonio, Texas 78240.

44. Defendant Shining Palm Tree Series, LLC may be served with process by serving its registered agent for service of process, Thomas T. Jeneby, at 7272 Wurzbach Road, Suite 801, San Antonio, Texas 78240.

45. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 USC § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this Complaint occurred within this judicial district as well.

## **Demand for Jury**

46. Plaintiffs demand a trial by jury.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiffs Leslie Nicole Knight, Alveza Valenzuela and all Similarly Situated Workers who join in this action demand:

A. Issuance of notice as soon as possible to all employees performing nursing or administrative work who are/were employed by and paid on an hourly basis by Defendants Thomas Jeneby, Plastic and Cosmetic Surgery Center of South Texas, PA, Palm Tree Plastic Surgi-Center, LLC, Trilogy by Dr. Jeneby, Inc., Advanced Medical Support Services, PLLC, Chrysalis Cosmetic Surgery Center, PLLC, South Texas Aesthetic Training LLC and Shining Palm Tree Series, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

B. Judgment against Defendants for an amount equal to Plaintiffs' and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;

C. An equal amount to the overtime wage damages as liquidated damages;

D. Judgment against Defendants that their violations of the FLSA were willful;

E. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

F. All costs and attorney's fees incurred prosecuting these claims;

G. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Attorney-in-Charge
jbuenker@buenkerlaw.com
PO Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile


WELMAKER LAW, PLLC
Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEYS FOR PLAINTIFFS**