UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LESLIE NICOLE KNIGHT AND ALVEZA VALENZUELA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS <br><br> v. <br><br> THOMAS JENEBY, MD A/K/A "DR BOOM BOOM POW" ET AL., <br><br> DEFENDANTS | § § § § § § § § § § § § § § § | CA NO. 5:24-cv-1097-XR |

**JOINT RULE 26(f) CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated December 19, 2024 (DKT 12), Plaintiffs Nicole Knight and Alveza Valenzuela ("Plaintiffs") and Defendants Thomas Jeneby, M.D., The Plastic and Cosmetic Center of South Texas, P.A., Palm Tree Plastic Surgi-Center, LLC, Trilogy by Dr. Jeneby, Inc., Advanced Medical Support Services, PLLC, Chrysalis Cosmetic Surgery Center, PLLC, South Texas Aesthetic Training LLC and Shining Palm Tree Series, LLC ("Defendants") (collectively the "Parties") (collectively referred to herein as the "Parties"), hereby submit this Joint Rule 26(f) Conference Report:

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

There are no outstanding jurisdictional issues in this case about which the Parties are aware at this time. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this suit arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b).

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

Plaintiffs omitted to add Maximus Plastic Surgery Center, LLC as a Defendant in this matter and intend to file an Amended Complaint to address this omission. Additionally, the Parties may come to an agreement that certain Defendants could be dismissed without prejudice subject to being brought back into the lawsuit should discovery reveal liability facts.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiffs claim that Defendants unlawfully failed to pay them overtime premiums when they worked more than forty hours per workweek.

Plaintiff Leslie Nicole Knight was employed by Maximus Plastic Surgery Center, LLC. Plaintiff Alveza Valenzuela was employed by Chrysalis Cosmetic Surgery Center, PLLC. Both were employed as OR/Recovery/Circulating registered nurses. Plaintiffs were properly classified as exempt salaried employees pursuant to the learned professional exemption. Plaintiffs were not eligible for or denied overtime. The only deductions made from their compensation were for whole-day absences for which they had no paid time off such as vacation or sick time.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time subject to the statements contained in paragraph 2 above.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

   A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties have agreed to exchange initial disclosures pursuant to F.R.C.P. 26(a)(1) within 14 days from their Rule 26f meeting, which was held on January 10, 2024.

   B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiff's statement:** Before significant merits discovery, the parties have agreed to engage in discovery related to the existence of similarly situated workers who should receive notice of this lawsuit so that they can choose to proceed collectively in this case.

**Defendant's statement:** Before significant merits discovery, the parties have agreed to engage in

discovery as to whether or not similarly situated workers exist who might receive notice of this lawsuit so they can choose whether to proceed collectively in this case.

    **C. Any issues related to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

The disclosure or discovery of electronically stored information is not anticipated to be an issue in this case at this time. To the extent that disclosure or discovery of such information becomes an issue, the Parties will meet to confer over the proper handling of the same.

    **D. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Each party intends to review its documents for privileged information prior to production. Documents withheld, or redactions from documents produced, on privilege grounds will be identified in a privilege log. The Parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5). The Parties anticipate using the standard Western District of Texas Protective Order.

    **E. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

None at this time.

    **F. Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None, other than the need for the Court to enter a Phase I Scheduling Order.

    6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has occurred. The parties have agreed to conduct discovery in phases, with the first phase limited to issues relating to whether a Motion for Notice is appropriate in this matter.

7. **What, if any, discovery disputes exist?**

No discovery disputes are anticipated at this time.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5). The Parties agree generally to a claw back provision related to inadvertent production of privileged documents.

9. **Have the parties discussed mediation?**

The Parties are amenable to considering mediation after initial discovery has taken place.

Respectfully Submitted,

| | |
|---|---|
| */s/ Josef F. Buenker* | */s/ Tiffany Cox Stacy* |
| Josef F. Buenker | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| State Bar No. 03316860 | |
| Attorney-in-Charge | Tiffany Cox Stacy |
| The Buenker Law Firm | Texas Bar No. 24050734 |
| PO Box 10099 | tiffany.cox@ogletree.com |
| Houston, Texas 77206 | Shavonne L. Smith |
| 713-868-3388 Telephone | Texas Bar No. 24054956 |
| 713-683-9940 Facsimile | shavonne.smith@ogletreedeakins.com |
| jbuenker@buenkerlaw.com | 112 E. Pecan Street, Suite 2700 |
| | San Antonio, Texas 78205 |
| Douglas B. Welmaker | Telephone: 210.354.1300 |
| State Bar No. 00788641 | Fax: 210.277.2702 |
| Welmaker Law, PLLC | |
| 409 N. Fredonia, Suite 118 | |
| Longview, Texas 75601 | |
| Phone: (512) 799-2048 | |
| doug@welmakerlaw.com | |
| | |
| ***ATTORNEYS FOR PLAINTIFFS*** | ***ATTORNEYS FOR DEFENDANTS*** |